

FILED
SUPERIOR COURT
OF GUAM

2018 MAY -4 AM 10: 59

CLERK OF COURT

R_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TIMOTHY J SAN NICOLAS,<br><br>PLAINTIFF,<br>v.<br><br>JEFFREY CHARFAUROS,<br><br>DEFENDANT. | CIVIL CASE NO. CV1127-17<br><br>DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JDUGMENT |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on March 26, 2018 for a hearing on Plaintiff Timothy J. San Nicolas' ("Plaintiff") Motion for Summary Judgment on Breach of Promissory Claim. Plaintiff appeared through counsel of record Attorney Joseph Razzano. Defendant Jeffrey Charfauros ("Defendant") was not present at the hearing and appears *pro se*. Having reviewed the record and the relevant law, the Court orally DENIED Plaintiff's Motion for Summary Judgment. The Court now issues this Decision and Order to memorialize its ruling.

## BACKGROUND

This matter arises out of an alleged breach of promissory note by Defendant. Plaintiff submitted a copy of the initial note signed and notarized on December 28, 2015. According to the note, Defendant promised to pay Plaintiff a principal amount of twenty-five thousand dollars ($25,000) and interest of four thousand and five hundred dollars ($4,500), with a sum of twenty-nine thousand and five hundred dollars ($29,500) on June 28, 2016. *See* Promissory Note (Nov. 7, 2017) (hereinafter "First Note"). Defendant filed an Answer on December 4, 2017 admitting that he signed "some note," but denying that the Note attached is a full, complete, and accurate reproduction of the whole Note. Answer, p. 1 (Dec. 4, 2017).

On December 13, 2017, Plaintiff filed the instant Motion for Summary Judgment and a Declaration of Plaintiff in Support of the Motion for Summary Judgment. Plaintiff also attached another Promissory Note (hereinafter "Second Note"), similar to the one filed with the complaint, however, now includes handwritten additions signed and dated after December 28, 2015. Defendant did not file an opposition or response to Plaintiff's Motion for Summary Judgment and has never appeared before this Court during any of the proceedings.

LAW

Although there is no opposition filed to Plaintiff's current motion, the court must still "consider the merits of the motion before it." *Quitugua v. Flores*, 2004 Guam 19 ¶ 27. "The failure to write an opposition to a motion, the filing of a notice of non-opposition to a motion, or the disregard of untimely filed papers, does not require the court to automatically grant the motion and is not dispositive of the motion itself." *Id.* at ¶ 28.

Plaintiff has moved for summary judgment pursuant to Rule 56 of the Guam Rules of Civil Procedure ("GRCP"). In determining a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *See Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7. If a movant "can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the [pleadings] ..., but must produce at least some significant probative evidence tending to support the [pleadings]...." *Id.* Thus, this court's "ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Id.* (citations omitted).

The court may grant summary judgment pursuant to Rule 56 of the GRCP when the record demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* ¶ 8. "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment."

*Id.* (citations omitted). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Id.* (emphasis in original). A genuine issue is found "if there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Id.* Summary judgment is appropriate if the contract or the contract provision in question is unambiguous. *Id.* at ¶ 18.

In *Hemlani v. Hemlani,* the Supreme Court of Guam opined, "In order to recover in an action stemming from a promissory note, 'the holder or payee [must] establish that (1) there is a note; (2) he is the legal owner and holder of the note; (3) the defendant is the maker of the note; and (4) a certain balance is due and owing on the note.'" 2015 Guam 16, ¶ 14 (quoting *Blankenship,* 899 S.W.2d at 238; *see also Resolution Trust Corp. v. Starkey,* 41 F.3d 1018, 1023 (5th Cir.1995)).

<u>DISCUSSION</u>

There is no dispute that Plaintiff has established the first three elements. In fact, Defendant has conceded these issues through his answer by recognizing the note, that Plaintiff is the holder and that he is the maker.

The pivotal issue for this Court is whether a certain balance is owed on the note. Specifically, because the Second Note changes the principal amount from $25,000 to $30,000 and obligates an interest of an additional $750 per month. Additionally, there are several inconsistencies in the Second Note. Line 1 has "$35,000" handwritten above "principal amount" while Line 2(a) provides, "As of June 30, 2016, the balance is $30,000…" Further, on the same line, interest is identified to accrue at "*$1,000* per month," while line 2(c) provides, "every month after Nov. 30, 2016 shall be charged *$750.*" It also appears that after every handwritten addition in the Second Note, Plaintiff's alleged initial and/or signature is provided (at least four times), while Defendant's alleged initial only appears once. Therefore, the Court finds the two different filings create a material issue. It would be improper for the Court to grant summary judgment where the contract itself contradicts the balance due/owed on the note.

## CONCLUSION

For the reasons stated above, the Court hereby DENIES Plaintiff's Motion for Summary Judgment.

A Scheduling Conference is scheduled for May 16, 2018 at 3:30 p.m.

SO ORDERED this _____MAY 0 4 2018_____, *nunc pro tunc* March 26, 2018.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT P____
I _____ that a co__ of the
original he___ was p____ in the
court ba__ _____
___ 5/4/18 __
Time: ___
Deputy C____ Court of G.....